PER CURIAM:
Claimant brought this action to recover damages to her automobile a 1990 Mercedes 190E, which occurred on April 2, 1992, when claimant, an employee of the Department of Health and Human Resources, was returning from Huntington, West Virginia, where she was working that particular day. Claimant was proceeding eastbound on 1-64 when her vehicle struck a metal expansion joint in the right lane at the east end of the bridge at the Mall Road Exit at 1-64. The expansion joint damaged the left front tire and the right rear tire as claimant attempted to swerve around the expansion joint. Claimant incurred costs in the amount of $405.00 to replace the tires.
Claimant testified that she encountered the obstruction on the interstate at approximately 12:30 to 12:40 p.m. She telephoned the respondent and reported the incident to respondent’s employee, Charlene Black. She was able to drive her automobile off the exit ramp to a gas station to have it repaired.
Charlene Black, a division management analyst for respondent at the 1-64 headquarters, testified that she was on duty on April 2, 1992, and was informed of the hazard on the bridge at the Mall Road Exit and she then informed the bridge department at approximately 12:40 p.m. She received contact from an employee that the hazard had been repaired by 2:00 p.m.
Respondent contends that repairs were made to the expansion joint in a timely manner. Lyle May, a crew leader for respondent int the Huntington area, received notification of the defective expansion joint at approximately 1:20 p.m. He took two men and a welding truck to the area and proceeded to cut off the expansion joint to alleviate the hazard.
*178 The Court is of the opinion that respondent did not have sufficient time to provide warning to the traveling public at the time that claimant’s automobile struck the expansion joint. Claimant’s incident apparently occurred very shortly after the expansion joint had popped up from the interstate. She provided the initial notice to the respondent as to the hazard on the interstate.
The respondent is entitled to time in which to respond to and to correct a dangerous road condition, which period may vary according to the circumstances, including availability of respondent’s resources and the degree of hazard on the highway, inter alia. This Court will not place an undue burden upon respondent to react as soon as a hazard occurs on an interstate. Respondent must have sufficient notice before liability is incurred. As claimant provided the first notice to the hazard, respondent did not have the required notice, it is unfortunate that claimant’s vehicle sustained damage as a result of this incident; however, respondent, although aware that expansion joints will pop up on occasion, is unable to predetermine when or where they will occur. Claimant acted in a responsible manner when she duly notified respondent after the hazard. Her notice to respondent certainly benefitted other travelers on the highway, and claimant is to be commended for her action.
In accordance with the findings of fact and conclusions of law as stated hereinabove, the Court is constrained to deny this claim.
Claim disallowed.